Peck, J.
delivered the opinion of the court.
The only question important to be considered in this case, is that which arises upon the admissibility as evidence of the deed from Curtis to Staggs.
The act of 1811, the only one that will sustain the probate, was temporary in its operation. That act is not continued by any subsequent legislation on the subject of probates. The construction put upon the subsequent acts by the'circuit Judge, that by implication they continued in force the act of 1815, is a strained construction not warranted by either the letter or spirit of those laws.
An examination of the several acts passed after the act of 1811, ch. 39, will show that the legislature has repealed the second section of that act, under and by virtue *251 of which, this probate is attempted to be supported. If the second section of the act of 1815, ch. 179, be not repealed, the probate in this case being in conformity with it, is good. The act of 1813, ch. 81, sec. 1, continues the act of 1811. The second section of the act of 1815, ch. 179, sec. 2, continues the act of 1811 and 1813. By the second section of the act of 1817, ch. 45, all deeds were authorized to be proved under the laws then in force; the act of 1811 being in force by virtue of the acts of 1813 and 1815, if there was nothing more in the act of 1817 than this section, the probate would be clearly good. But the third section of the act of 1817 repeals in express terms the second section of the act of 1815, by virtue of which section alone, the act of 1811 is in force. If this section is inconsistent with the second section of the same act, the former, on rules of construction, must give way to the latter. If this view of the subject be correct, and the court believe it is, it follows as a consequence, that from and after the passage of the act of 1817, the provision of the above section of the act of 1811 is repealed and the probate cannot be sustained. This point is conclusive; of course, the plaintiff, failing in his title, cannot recover.
Judgment reversed.